OFFICE OF THE ATTORNEY GENERAL OF TEXAS
AUSTIN



GERALD C. MANN
ATTORNEY GENERAL

Honorable Buford D. Battle
State Auditor
Austin, Texas

Dear Sir:

Opinion No. O-3694
Re: Whether Whitehouse Independ-
ent School District in its
application for aid must ac-
count for money received from
Eureka District and which had
been received by the latter
District as indicated in our
Opinion No. O-3549.

The facts involved in our Opinion No. O-3549
briefly were:  The Eureka District had contracted with
the Whitehouse Independent School District to transfer
to the latter District all high school grades in accord-
ance with Section 15 of House Bill No. 933, Special Laws,
Forty-sixth Legislature.  Included in the application for
aid out of the Rural Aid Fund filed by the Eureka District
was an item of $810.00 for a "ghost teacher".  The term
"ghost (contract)" was used in the application as indicat-
ing that if the Eureka District had not contracted to the
Whitehouse District it would have been necessary to have
employed a teacher at a salary of $810.00 per year.  On
the theory that if there had been no contract between the
two districts the Eureka District would have employed some
teacher at a salary of $810.00 and would have been able to
draw that amount from the Rural Aid Appropriation, the
Eureka District made application to be paid such sum out
of the Rural Aid Appropriation with the view of delivering
the same upon receipt to the Whitehouse District.  In that
opinion we reached the conclusion that teacher salary aid
may be drawn by a transferring district in the manner thus
sought, although the base amount might not necessarily be
as much as that set out in the application.  We expressed
the view that it should be determined as nearly as possible
what part, if not all, of said sum of $810.00 the Eureka
District would have been entitled to receive had it not made

the contract of transfer with the Whitehouse District and that the amount thus arrived at should be set up as the sum to be paid the Eureka District in respect to such salary item if there is sufficient money to pay all approved applications in full.

In your letter of June 17, 1941, you advise that the Whitehouse District is a Rural Aid School and has itself filed application for aid from the Rural Aid Fund. In this application the above mentioned sum received by the Eureka District from the Rural Aid Fund and in turn delivered to the Whitehouse District is not listed as revenue, nor, as we understand, are the pupils thus received from the Eureka District listed in the Whitehouse application. You request our opinion as to whether the Whitehouse District should be compelled to show the revenue thus received under the terms of the contract with the Eureka District as revenue in its application for aid.

The position taken by the State Superintendent was that such receipts by a school district should not be required to be listed in such applications and his position was sustained by the Joint Legislative Advisory Committee in its meeting on February 17, 1941, as shown by a copy of the Minutes of that Committee which you have furnished us. We are advised by the Department of Education that the long established and uniform practice has been not to require the listing of such revenues by districts occupying the same position as that of the Whitehouse District in this instance. Section 15 of House Bill 933, Forty-sixth Legislature, quoted in our said Opinion No. O-3549, provides that in the event of such contracts the school making the transfer may transfer "the State Aid to which the district would otherwise be entitled under the provisions of this Act, or such proportionate part thereof as may be necessary may be used in carrying out said agreement." Such Section 15 has been enacted and re-enacted each two years in the Rural Aid Appropriation Bill, with the construction being given as already indicated. To hold that such moneys would have to be listed as receipts would nullify the effect of Section 15. Under all the circumstances, particularly bearing in mind the construction which has been given and followed and the repeated enactment of Section 15 in the successive Rural Aid Appropriation Bills, we have concluded that the

Whitehouse District should not be required to list such sum as receipts in its application and we accordingly answer your question in the negative. We return to you herewith the original applications filed by the Whitehouse and Eureka Districts, which applications accompanied your letter of request.

Yours very truly

APPROVED JULY 7, 1941

ATTORNEY GENERAL OF TEXAS

/s/ Grover Sellers

By   (Signed)
    Glenn R. Lewis
     Assistant

FIRST ASSISTANT
ATTORNEY GENERAL

GRL:LM

ENCLOSURE

APPROVED OPINION COMMITTEE BY BWB CHAIRMAN